IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| L'TANYA JACKSON,<br><br>  Plaintiff,<br><br>  -v-<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and ARLINGTON COMMUNITY FEDERAL CREDIT UNION,<br><br>  Defendants. | Civil Case Number: |

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff, L'Tanya Jackson, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Equifax Information Services, LLC (Equifax), Transunion, LLC (Transunion), Experian Information Solutions, Inc. (Experian), and Arlington Community Federal Credit Union (ACFCU) have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Equifax, Transunion and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and

declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendants regularly conduct business within the state of Virginia and violated Plaintiff's rights under the FCRA in the state of Virginia as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, L'Tanya Jackson ("Plaintiff"), is a resident of Prince William County, Virginia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

9. Defendant Trans Union is also one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the

business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. Trans Union is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

11. Defendant Experian is similarly one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

12. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

13. Defendant Arlington Community Federal Credit Union is a financial institution with its principal office located at 5666 Columbia Pike, Falls Church, Virginia 22041.

## FACTUAL ALLEGATIONS

14. Sometime prior to July 2023, Plaintiff noticed that her credit reports reflected that she had a charged off account owed to Arlington Community Federal Credit Union ("ACFCU") with a balance of $2,411.00.

15. However, this information is inaccurate because the Plaintiff has no such balance with ACFCU.  In May of 2023, the Plaintiff obtained a discharge of her debts, including this ACFCU debt, via a Chapter 7 bankruptcy.

16. Since the account was discharged in bankruptcy, it could not be reported as currently having a balance.

17. Plaintiff accordingly disputed this information with Experian, Equifax and Transunion on or around July 31, 2023, by sending each company a letter via certified mail.

18. With her written disputes, Plaintiff specifically advised Equifax, Experian and Transunion that:

> I have reviewed my credit report and discovered the following errors. The Arlington Community Federal account should not be reported with a balance and charge off. As you already know, I recently had my debt discharged in chapter 7 bankruptcy, including all of my accounts with ACFCU. I do not know why this account has a reported balance and charge off, as I didn't open any new accounts since that discharge. This is either an old account that was discharged or is not my account at all. Please investigate and remove, as this is making me look bad and is hurting my ability to get my life back in order.

19. Plaintiff further included her date of birth, her full name, her Social Security Number and her address in each dispute letter.

20. Defendants each failed to conduct an adequate investigation of the Plaintiff's disputes, and continue reporting this inaccurate information to this day.

21. Equifax 'verified' that the reported information was accurate on August 18, 2023.

22. Transunion also 'verified' that the reported information was accurate on August 19, 2023.

23. Experian similarly 'verified' that the reported information was accurate on August 31, 2023.

24. Upon information and belief, Equifax, Experian and Transunion each had all the information they needed to locate, investigate and correct this inaccurate information, but just failed to do.

25. At all times pertinent hereto, Equifax's conduct was willful, and carried out in reckless

disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

26. At all times pertinent hereto, Transunion's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

27. At all times pertinent hereto, Experian's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

28. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her daily life.  For example, Plaintiff's credit score dropped significantly, affecting the Plaintiff's ability to obtain credit.  Plaintiff has accordingly been denied credit on a number of occasions due to the Defendants' conduct.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
15  U.S.C. § 1681i
AGAINST EQUIFAX**

29. All preceding paragraphs are realleged.

30. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

31. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

32. Equifax received the Plaintiff's dispute letter, as evidenced by the tracking number in Plaintiff's possession.

33. However, Defendant Equifax has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

34. Equifax's conduct was willful, considering the fact that Equifax could have easily verified what the Plaintiff was telling it – that her balance with ACFCU had been discharged in bankruptcy – but it nevertheless recklessly disregarded that information and failed to conduct an adequate investigation into the Plaintiff's dispute.

35. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

36. All preceding paragraphs are realleged.

37. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

38. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report and prevented it from being reported in the first place, considering that Equifax had actual notice that the Plaintiff's account had been discharged in bankruptcy.

39. Equifax's conduct was willful, considering the fact that Equifax could have easily verified what the Plaintiff was telling it – that her balance with ACFCU had been discharged in bankruptcy – but it nevertheless recklessly disregarded that information and failed to have adequate procedures in place to prevent the reporting of discharged balances.

40. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANSUNION

41. All preceding paragraphs are realleged.

42. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

43. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

44. Transunion received the Plaintiff's July 31, 2023 dispute letter, as evidenced by the tracking number in Plaintiff's possession.

45. However, Defendant Transunion has failed to conduct a reasonable investigation to

determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

46. Transunion's conduct was willful, considering the fact that Transunion could have easily verified what the Plaintiff was telling it – that her balance with ACFCU had been discharged in bankruptcy – but it nevertheless recklessly disregarded that information and failed to conduct an adequate investigation into the Plaintiff's dispute.

47. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST TRANSUNION

48. All preceding paragraphs are realleged.

49. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

50. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report and prevented it from being reported in the first place, considering that Transunion had actual notice that the Plaintiff's account had been discharged in bankruptcy.

51. Transunion's conduct was willful, considering the fact that Transunion was provided the Docket Number for the bankruptcy and could have easily verified what the Plaintiff was

telling it – that her balance with ACFCU had been discharged in bankruptcy – but it nevertheless recklessly disregarded that information and failed to have adequate procedures in place to prevent the reporting of discharged balances.

52. As a direct and proximate result of Transunion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT V
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN

53. All preceding paragraphs are realleged.

54. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

55. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

56. Experian received the Plaintiff's dispute letter, as evidenced by Experian's response in Plaintiff's possession.

57. However, Defendant Experian has failed to conduct a reasonable investigation to determine

whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

58. Experian's conduct was willful, considering the fact that Experian could have easily verified what the Plaintiff was telling it – that her balance with ACFCU had been discharged in bankruptcy – but it nevertheless recklessly disregarded that information and failed to conduct an adequate investigation into the Plaintiff's dispute.

59. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT VI
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

60. All preceding paragraphs are realleged.

61. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

62. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report and prevented it from being reported in the first place, considering that Experian had actual notice that the Plaintiff's account had been discharged in bankruptcy.

63. Experian's conduct was willful, considering the fact that Experian could have easily verified what the Plaintiff was telling it – that her balance with ACFCU had been discharged in bankruptcy – but it nevertheless recklessly disregarded that information and failed to have

adequate procedures in place to prevent the reporting of discharged balances.

64. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT VII
## FAILURE TO INVESTIGATE DISPUTE
## 15 USC § 1681s-2(b)
## AGAINST ACFCU

65. All preceding paragraphs are re-alleged.

66. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

67. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by ACFCU.

68. As evidenced by their responses to the Plaintiff, ACFCU received these disputes.

69. ACFCU was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

70. ACFCU failed to reasonably investigate Plaintiff's dispute, despite being on actual notice that the Plaintiff's account had been discharged in the Plaintiff's 2023 Chapter 7 bankruptcy.

71. Indeed, ACFCU's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

72. ACFCU's conduct violated section 1681s-2(b) of the FCRA.

73. Defendant's conduct was both negligent and willful, when the Plaintiff specifically informed ACFCU that the balance had been discharged in bankruptcy, where ACFCU had been notified by both the Plaintiff and the bankruptcy court of the bankruptcy, and where the Defendant repeatedly refused to correct its patently inaccurate credit reporting.

74. As a result of the Defendant's conduct, the Plaintiff has been harmed.

## DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 15, 2023

/s/ Aryeh E. Stein
Aryeh E. Stein, # 45895
Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208
443-326-6011 (phone)
410-782-3199 (fax)
astein@meridianlawfirm.com
*Attorney for Plaintiff*

                    Yitzchak Zelman, Esq.
                    MARCUS & ZELMAN, LLC
                    701 Cookman Avenue, Suite 300
                    Asbury Park, New Jersey 07712
                    (732) 695-3282 telephone
                    (732) 298-6256 facsimile
                    *Attorney for Plaintiff*
                    Pro Hac Vice Motion Forthcoming